IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBEN ALVINO CANO, § | | |
| TDCJ No. 1202626, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:23-cv-1676-E-BN |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Ruben Alvino Cano, a Texas prisoner incarcerated at the Estelle Unit of the Texas Department of Criminal Justice, a prison in Walker County, Texas, made a filing in this district construed as a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. And United States District Judge Ada Brown referred the construed Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Cano is now serving a life sentence following his 2003 conviction for sexual assault of a child in Bexar County, Texas, and a federal district court denied as untimely his initial Section 2254 application attacking this conviction. *See Cano v. Lumpkin*, No. SA-22-CV-0231-OLG, 2022 WL 2479931 (W.D. Tex. July 5, 2023).

Attached to Cano's filing in this district is a June 28, 2023 order from the Western District of Texas dismissing Cano's subsequent attempt to attack his 2003 Bexar County conviction as successive. *See* Dkt. No. 3 at 7-8. So the Court should

treat the construed Section 2254 application filed in this district as another attack on the 2003 Bexar County conviction. And, doing so, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the application without prejudice under the circumstances here.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Cano previously exercised his "one fair opportunity to seek federal habeas relief from his conviction," *Banister*, 140 S. Ct. at 1702, and his current claims allege defects in the conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Cano when he filed

an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Cano therefore presents claims that are successive. And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

But, even if his claims were not successive, Cano cannot attack his 2003 Bexar County conviction under Section 2254 in this district, as he was not convicted by a state court in this district, nor was he incarcerated in this district when he filed the construed Section 2254 application. *See* 28 U.S.C. §§ 2241(d), 124(d)(4), (b)(2); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (noting that Section 2241(d)'s filing requirements are jurisdictional).

Transferring this application to the Fifth Circuit for appropriate action could cure the first reason why jurisdiction is lacking. *See* 28 U.S.C. § 1631. But, considering the multiple deficiencies noted above, including that Cano has already attempted to file an unauthorized successive Section 2254 application, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 &

3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss the construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 4, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE